UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES W., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-03072-SEB-TAB |
| | ) |
| ANDREW M. SAUL Commissioner of the Social Security Administration, | ) ) ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

**I.   Introduction**

Plaintiff appeals the Social Security Administration's denial of his application for disability insurance benefits. Plaintiff argues on appeal that the Administrative Law Judge failed to evaluate a portion of a medical expert's opinion and that the ALJ failed to build a logical bridge between the evidence and her conclusion that Plaintiff's testimony regarding the intensity, persistence, and limiting effects of his symptoms was not entirely consistent with the record evidence. As explained below, the ALJ did not err in her evaluation of the medical expert's opinion, and the ALJ properly evaluated Plaintiff's subjective symptoms. In addition, substantive evidence supports the ALJ's decision. Therefore, Plaintiff's request for remand should be denied.

**II.     Background**

Plaintiff filed a Title II application for a period of disability and disability insurance benefits.[1]  The Social Security Administration denied his claim initially and upon reconsideration.  Plaintiff requested a hearing.  At the hearing, Plaintiff informed the Administrative Law Judge of outstanding evidence, which was subsequently submitted into the record.  Due to the volume of new evidence, the ALJ held a supplemental hearing a few months later.  Plaintiff did not appear at that hearing, but Lee Fischer, M.D., an impartial medical expert, appeared and testified.  [Filing No. 8-2, at ECF p. 1-2.]  After these hearings, the ALJ determined that Plaintiff was not disabled.

The ALJ considered Plaintiff's claim for benefits according to 20 C.F.R. § 404.1520(a).  First, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through March 31, 2015.  Subsequently, at step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  At step two, the ALJ found that Plaintiff has the following severe impairments: juvenile diabetes mellitus at times with hyperphosphaternia/hyperkalemia; and seizures characterized as hypoglycemic-induced seizures.

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  Before reaching step four, the ALJ found that Plaintiff had the residual capacity to perform light work as defined in 20 CFR § 404.1567(b), except he can "[n]ever climb ladders, ropes, or scaffolds; occasionally climb ramps

---

[1] Plaintiff also filed a Title XVI application for supplemental security income, which was denied initially, but before it was reconsidered, Plaintiff experienced a cerebrovascular accident/stroke, which disabled him as of the date of the stroke. Thus, his Title XVI claim was approved at the reconsideration level and is no longer under consideration. [Filing No. 8-2, at ECF p. 1.]

and stairs, balance, stoop, kneel, crouch, and crawl; avoid all use of hazardous moving machinery; avoid all exposure to unprotected heights; and do no commercial driving[.]" [Filing No. 8-2, at ECF p. 19.]

Next, at step four, the ALJ determined that Plaintiff could perform past relevant work as a manager of a liquor establishment, a restaurant manager, and a bartender because this work did not require the performance of work-related activities that are precluded by Plaintiff's residual functional capacity. [Filing No. 8-2, at ECF p. 21.] The ALJ concluded that Plaintiff was not disabled.

### III. Discussion

Plaintiff maintains that the ALJ erred by (1) failing to evaluate a portion of a medical expert's opinion and (2) by not properly setting forth an analysis of Plaintiff's subjective symptoms. The Court's review of an ALJ's decision is limited to determining that the ALJ applied correct legal standards and that the ALJ's decision is supported by substantial evidence. *See, e.g., Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) ("We will uphold an ALJ's final decision if the correct legal standards were applied and supported with substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The Court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner." (Internal citations, quotation marks, and brackets omitted.)).

### A. Evaluation of testifying physician's opinion

First, Plaintiff contends that the ALJ "failed to evaluate an opinion about absenteeism" from Dr. Fischer, the physician who testified at the supplemental hearing at the ALJ's request. [Filing No. 13, at ECF P. 8.] The Commissioner argues that Dr. Fischer's testimony must be read in its full context and "does not even come close to equating to an opinion that Plaintiff would be absent one day a month due to his condition." [Filing No. 18, at ECF p. 7.]

Dr. Fischer's colloquy with Plaintiff's attorney and the ALJ at the supplemental hearing, as it relates to this issue, went as follows:

> Q    Okay. When, when [Plaintiff] testified, he talked about that most of the time during this period, on most days, he would be fine, but on a couple of days in a month he would have a seizure or, or just be unable to function for a day or two. The other 28 days of the month he would be fine but those two days, he would be out of commission. Does that – is that unreasonable given his, his medical records?
> A    It's not unreasonable if he were to have a seizure one or two days a month. Again I can't say that, that the reason he would feel bad on those two days is because of his kidney disease, possibly the diabetes. All I can really say is possibly, and you used he [sic] term it's not unreasonable. No, I can't say it's unreasonable, no.
> Q    And, and likewise, I guess, is it unreasonable to think that, that during this period of time he would be missing – if he had a job, he would be missing one or two days a month?
>
> ALJ:   Due to what?
>
> BY ATTORNEY:
>
> Q    Due, due to not feeling good as a result of his diabetes.
> A    I can't say that. And I don't think I, I saw that in the records during that time period, so I don't know if there's any way to say that. I mean people can say I don't feel good, but I can't say that more likely than not it would be related to his diabetes. It's like people don't feel good sometimes for no specific reason.
> Q    Let me ask it this way, would it be inconsistent with his records if he were to miss one day per month because of his diabetes during the relevant period?
> A    No. I can't say – the way you phrased that question, I can't say, say anything other than no, it would not be, it would not be inconsistent.

[Filing No. 8-2, at ECF p. 45-46.]

The Court agrees with the Commissioner—Dr. Fischer's testimony does not set forth a medical opinion on absenteeism. At best, it is a response to a poorly phrased question indicating that a monthly absence would not be inconsistent. Yet Dr. Fischer directly stated that he did not recall the record indicating that Plaintiff missed one or two days of work a month. [Filing No. 8-2, at ECF p. 46.] Dr. Fischer did not provide an opinion on absenteeism. Thus, the ALJ did not err or omit anything from her RFC assessment in relation to Dr. Fischer's opinion.

    **B.**    **Evaluation of Plaintiff's subjective symptoms**

Plaintiff also contends that the ALJ's decision "does not contain an analysis of the intensity, persistence, and limiting effects of [Plaintiff's] symptoms." [Filing No. 13, at ECF p. 10.] Plaintiff argues that while the ALJ concluded Plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence, the ALJ failed to draw a logical bridge between the evidence and that conclusion. [Filing No. 13, at ECF p. 10-11.] "So long as an ALJ gives specific reasons supported by the record, we will not overturn his credibility determination unless it is patently wrong." *Curvin v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015). Moreover, an ALJ's decision should be read as a whole, not piecemeal. *See, e.g, Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004) ("Because it is proper to read the ALJ's decision as a whole, and because it would be a needless formality to have the ALJ repeat substantially similar factual analyses at both steps three and five, we consider the ALJ's treatment of the record evidence in support of both his conclusions at steps three and five." (Citation omitted)).

The ALJ's assessment of Plaintiff's symptoms in this case was not patently wrong. As noted above, the Court looks at the ALJ's decision as a whole. The ALJ noted that Plaintiff's

statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." [Filing No. 8-2, at ECF p. 20.] In the paragraphs immediately preceding, the ALJ briefly summarized Plaintiff's history of having uncontrolled diabetes and being insulin dependent. [Filing No. 8-2, at ECF p. 19.] But the ALJ noted the medical evidence indicated that placement of an insulin pump helped control Plaintiff's blood sugar levels, and she cited to multiple records supporting that conclusion. [Filing No. 8-2, at ECF p. 19.]

In relation to seizures, the ALJ summarized Plaintiff's history but noted that the record evidence indicated seizures only incurred when Plaintiff had low blood sugar or during activities. [Filing No. 8-2, at ECF p. 20.] In addition, the ALJ cited evidence suggesting Plaintiff occasionally drank alcohol or soda. [Filing No. 8-2, at ECF p. 20.] The ALJ noted that doing so "would be non-compliant with a treatment regimen for diabetes/blood sugar problems." [Filing No. 8-2, at ECF p. 20.]

Additionally, the ALJ assigned substantial weight to Dr. Fischer's opinion because he was a board-certified physician, in practice since 1973, and was able to review all the medical evidence in the record before providing his opinion. [Filing No. 8-2, at ECF p. 20.] Dr. Fischer opined at the supplemental hearing that Plaintiff could lift/carry, stand, walk, and sit at the light level but with various postural and environmental limitations, which the ALJ found was consistent with Plaintiff's symptoms and impairments as well as his physical examination results. [Filing No. 8-2, at ECF p. 20.] The RFC that the ALJ ultimately adopted aligned with Dr. Fischer's opinion and factored in those limitations. [Filing No. 8-2, at ECF p. 19.]

Plaintiff's bare bones argument does not even indicate which symptoms he contends that the ALJ failed to properly address. Additionally, Plaintiff cites no evidence to the contrary or

6

that the ALJ allegedly overlooked or improperly analyzed.  Plaintiff provides no citations to the record whatsoever[2], other than to the ALJ's conclusion that Plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence.  [Filing No. 13, at ECF p. 11.]  Instead, Plaintiff focuses entirely on the factors stated in 20 C.F.R. § 404.1529(c)(3) and then loosely argues that the ALJ did not consider these factors or build a bridge between the evidence and her conclusion.  [Filing No. 13, at ECF p. 10-11.]  As noted above, the ALJ explained her reasoning and provided citations to the record in support of her conclusion assessing Plaintiff's subjective symptoms.  Therefore, the ALJ's evaluation of Plaintiff's subjective symptoms was proper.

---

[2] In Plaintiff's reply brief, he does eventually include some citations to the record and argues that the ALJ did not address certain medical evidence.  [Filing No. 19, at ECF p. 4-5.]  However, arguments not raised until the reply brief are deemed waived.  *See, e.g., Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012) ("Griffin did not raise this argument until his reply brief, and arguments raised for the first time in a reply brief are deemed waived."); *Hernandez v. Cook County Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011) ("It is well established in our precedents that skeletal arguments may be properly treated as waived, as may arguments made for the first time in reply briefs[.]"  (Internal citations and quotation marks omitted)).  *See also Keith v. Berryhill*, No. 1:17-cv-02568-TWP-MPB, 2018 WL 5914844, at *3 (S.D. Ind. June 1, 2018) ("Keith did not cite any specific alleged treating source opinions or record citations for such opinions until her reply brief, thus one could conclude that Keith has waived her perfunctory and undeveloped argument."), *report and recommendation adopted sub nom., Dianna K. v. Berryhill*, No. 1:17-cv-02568-TWP-MPB, 2018 WL 4560674 (S.D. Ind. Sept. 24, 2018).

**IV.    Conclusion**

In sum, the ALJ applied correct legal standards and substantial evidence supported her decision.  Accordingly, Plaintiff's brief in support of appeal and request for remand should be denied.  [Filing No. 13.]

Any objection to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1).  Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 2/24/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email